UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **BARBARA A. LECESNE** | § | |
| *Plaintiff* | § | |
| | § | |
| | § | **CIVIL ACTION NO.: <u>4:24-CV-304</u>** |
| | § | |
| **vs.** | § | **JURY TRIAL REQUESTED** |
| | § | |
| | § | |
| **WESTERN GOVERNORS UNIVERSITY a/k/a** | § | |
| **WGU CORPORATION, and WESTERN** | § | |
| **GOVERNORS UNIVERSITY-TEXAS, INC.** | § | |
| *Defendants.* | § | |

## <u>PLAINTIFF'S ORIGINAL COMPLAINT</u>

COMES NOW, Plaintiff BARBARA A. LECESNE ("Plaintiff" or "BARBARA LECESNE" or "LeCesne"), who files this Plaintiff's Original Complaint (Plaintiff's "Complaint") against Defendant Western Governors University a/k/a WGU Corporation, and Defendant Western Governors University – Texas, Inc. (collectively "Defendants" or "WESTERN GOVERNORS UNIVERSITY" or "WGU"), and in support thereof respectfully shows as follows:

## I.     <u>INTRODUCTION</u>

1. Plaintiff BARBARA LECESNE experienced a hostile work environment, discrimination based on age, color, race, gender, disability, harassment, and retaliation by the acts and omissions of Defendants WESTERN GOVERNORS UNIVERSITY, in violation of federal and state law, for which Plaintiff BARBARA LECESNE now sues.

## II.   PARTIES

2.   Plaintiff BARBARA LECESNE is a female adult citizen of Texas, who resides in Tarrant County, Texas, and who has been employed with Defendants WESTERN GOVERNORS UNIVERSITY for approximately seven (7) years.

3.   Defendant WESTERN GOVERNORS UNIVERSITY a/k/a WGU CORPORATION is a foreign nonprofit corporation, with business address 4001 South 700 East, Ste 700, Salt Lake City, UT 85107 doing business in Texas, and can be served with process by serving its registered agent for service of process Cogency Global, Inc., located at 1601 Elm St., Suite 4360, Dallas, TX 75201-3136, or wherever WESTERN GOVERNORS UNIVERSITY CORPORATION a/k/a WGU CORPORATION may be found.

4.   Defendant WESTERN GOVERNORS UNIVERSITY – TEXAS, INC. is a domestic nonprofit corporation, with business address 12515 Research Boulevard Building 8, Suite 250, Austin, Texas 78759, doing business in Texas, and can be served with process by serving its registered agent for service of process Cogency Global, Inc., located at 1601 Elm St., Suite 4360, Dallas, TX 75201-3136, or wherever WESTERN GOVERNORS UNIVERSITY – TEXAS, INC. may be found.

## III.   JURISDICTION & VENUE

5.   This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367(a).  This action arises under and is brought pursuant to the Civil Rights Act of 1964 § 7, 42 U.S.C. § 2000e et seq (1964), also known as Title VII of the Civil Rights Act of 1964 ("Title VII"), as well as the Age Discrimination Act of 1967, 29 U.S.C. §§621-634 ("ADEA"), and the Americans with Disabilities Act of 1990, 42

2

U.S.C. §12101 et seq. (1990) ("ADA"), as well as Title IX of the Education Amendments Act of 1972, 20 U.S.C. §§1681-1688 (2018). In addition, the Court has supplemental jurisdiction over Plaintiff's claims pursuant to Chapter 21 of the Texas Labor Code and Plaintiff's Texas common law claims.

6. As to these causes of action, Plaintiff BARBARA LECESNE has exhausted her administrative remedies by filing a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on December 22, 2023. The EEOC issued a "Dismissal and Notice of Rights" ("Notice of Right to Sue") on January 3, 2024.

7. Venue is proper in the U.S. District Court for the Northern District of Texas, Fort Worth Division, pursuant to 42 U.S.C. § 2000e(5)(f)(3) because it is the judicial district in the state in which the unlawful employment practices complained of are alleged to have been committed, the judicial district in which the employment records relevant to such practice are maintained and administered, and the judicial district in which the aggrieved person worked or would have worked but for the alleged unlawful employment practice. Venue is further proper pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred in this district.

## IV.   CONDITIONS PRECEDENT

8. All conditions precedent to the filing of this action have been performed, excused, or waived.

3

## V.     NATURE OF THE CLAIM

9.  Plaintiff BARBARA LECESNE seeks actual, compensatory and exemplary damages for
    Defendants WESTERN GOVERNORS UNIVERSITY's discrimination and harassment
    against her based on her age, color, race, gender, disability, for creating a harassing and
    hostile work environment based thereon, for discriminatory practices, and for retaliation in
    violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§2000e-2000e17 (as
    amended) ("Civil Rights Act of 1964"), the Age Discrimination Act of 1967, 29 U.S.C.
    §§621-634 ("ADEA"), and the Americans with Disabilities Act of 1990, 42 U.S.C. §12101
    et seq. (1990) ("ADA"), as well as Title IX of the Education Amendments Act of 1972, 20
    U.S.C. §§1681-1688 (2018), and for Defendant WESTERN GOVERNORS
    UNIVERSITY's retaliation for Plaintiff BARBARA LECESNE engaging in protected
    activity, in violation of Title VII, Section 1981, the Texas Commission on Human Rights
    Act, Texas Labor Code § 21.001 et. seq. (the "TCHRA").  See *Affidavit of Barbara A.*
    *LeCesne* ("Affidavit of Barbara A. LeCesne" or "Affidavit", attached hereto and fully
    incorporated by reference herein).

## VI.     FACTUAL BACKGROUND AND PROCEDURAL HISTORY

10. Barbara LeCesne is an African-American female, born on March 3, 1955.  LeCesne has a
    Masters Degree and has been employed with Western Governors University for
    approximately seven (7) years, with responsibilities for a major market, and has received
    outstanding performance reviews thoughout that time. LeCesne is currently a Strategic
    Partnerships Manager for WGU.

11. LeCesne's manager is WGU's Senior Regional Manager Strategic Partnerships Michael Glazebrook ("Glazebrook").  WGU's Glazebrook was hired by WGU, is an employee of WGU, was trained by WGU, is supervised by WGU, and manages other WGU employees such as LeCesne.  WGU's Glazebrook has a history of bias, prejudice, and discrimination against LeCesne.

12. In January 2021, Glazebrook displayed his bias and discrimination against more mature professionals and women, and insulted LeCesne based upon her age and gender, by comparing working with LeCesne to 'working with an older aunt'.

13. In July 2022, as he did in January 2021 against LeCesene, Glazebrook made age and gender biased and discriminatory comments against Kathy Hietala ("Hietala") based upon Hietala's age and gender, stating he 'would not have promoted her if he had known she was 57', stating 'you're too close to retirement'.

14. As a result of WGU's Glazebrook's bias and discrimination, LeCesne was not given the opportunity to apply for the Senior Strategic Partnerships Manager position (which was not posted on WGU's website).  WGU's and Glazebrook's decision was not based upon any communicated selection process, criteria, or qualification standards.  Rather, WGU and Glazebrook promoted less-experienced and younger individuals, despite LeCesne being evaluated as one of WGU's best performers, with Glazebrook claiming simply that LeCesne was 'not ready for promotion'.

15. On or about July 8, 2022, LeCesne was denied a promotion due to her age and race.  WGU and Glazebrook's actions and behavior toward LeCesne were manipulative and abusive.  Glazebrook continued to create a hostile work environment when LeCesne discussed her

concerns about the discriminatory promotion process with the Regional Vice President Battles, who was Glazebrook's manager.

16. WGU's and Glazebrook's bias and discrimination (resulting in a hostile work environment) manifested itself in other ways as well, particularly through Glazebrook's interaction with LeCesne.  During a two-day training in Austin in July of 2022, Glazebrook inexplicably disrespected LeCesne by repeatedly ignoring LeCesne; however, Glazebrook later confronted LeCesne for approximately twenty minutes in a rageful and angry manner (in front of a hotel with team members and hotel guests present) when LeCesne mentioned contacting Battles with questions regarding the promotion process, with Glazebrook stating 'you contacted by boss', and 'you don't think I can understand because I'm a white man'.

17. In communications with WGU team member Jim Johnson, Glazebrook also expressed his dislike for Abraham Lincoln, his support for the Confederate States of America (the "Confederacy"), and his belief that 'there is going to be a civil war, and I will be fighting on the side of the Confederates', indicating his racist beliefs.

18. LeCesne felt threatened by Glazebrook's confrontation of her, as well as Glazebrook's discriminatory beliefs, which caused fear in LeCesne as to Glazebrook.

19. Accordingly, on or about October 7, 2022, LeCesne filed a complaint with WGU's Human Resources regarding the discriminating behaviors and actions of Glazebrook towards LeCesne.  LeCesne expressed fear that Glazebrook would retaliate and the LeCesne felt unsafe. Two additional members of the South Region team also filed complaints about Glazebrook in October 2022.

20. After filing a complaint with WGU's Human Resources against Michael Glazebrook, LeCesne on numerous occasions requested to report to an alternate manager. LeCesne

requested to report to an alternate manager because of LeCesne's fear or retaliation and feeling unsafe; however, LeCesne's requests were repeatedly ignored or denied by WGU.

21. Specifically, on or about October 20, 2022, LeCesne communicated with WGU's Jamila Pittman ("Pittman") requesting an alternate manager; however, LeCesne's was not assigned an alternate manager by WGU.

22. On or about November 22, 2022, LeCesne communicated with WGU's Linda Wendt Senior People & Talent Business Partner ("Wendt") with Human Resources, requesting an alternate manager.  At the conclusion of the WGU investigation, Glazebrook was placed on an 'Improvement Plan' with coaching.  WGU's Wendt subsequently stated that she was 'disappointed in you [LeCesne] that you [LeCesne] are not willing to give him [Glazebrook] another chance', and informed LeCesne that 'WGU does not tolerate any form of retaliation' and that 'if Michael [Glazebrook] retaliates, he will be dismissed'.

23. On or about December 16, 2022, LeCesne communicated with WGU's Regional Director Manny Gonzalez requesting an alternate manager; however, LeCesne was not assigned an alternate manager by WGU.

24. Also on or about December 16, 2022, LeCesne communicated with WGU's Chancellor & Regional Vice President Linda Battles ("Battles"), who informed LeCesne that, due to LeCesne feeling unsafe, LeCesne would implement 'safeguards' and that LeCesne would not be required to have weekly meetings with Glazebrook.  Battles stated to LeCesne that Glazebrook was 'being watched' and that 'if he [Glazebrook] retaliates one time he will be fired'.  Prior to and since December 16, 2022, Glazebook has retaliated against LeCesne on several occasions, but has not been fired by WGU. WGU's Battles subsequently inquired with LeCesne 'how do you think other team members would feel that you are

reporting to someone else?' and 'what if instead of meeting with Michael [Glazebrook] you could check in with Kathy Hietala [a WGU team member that was promoted]?'

25. In a further display of Glazebrook's bias and discrimination, during a three-day training and graduation ceremony in New Orleans in March of 2023, Glazebrook again inexplicably disrespected LeCesne by repeatedly ignoring LeCesne.

26. On or about March 16, 2023 (in which Gonzalez and Glazebrook were in attendance), LeCesne experienced retaliation from Glazebrook.  Glazebrook was combative, contentious, antagonistic, maligning, discrediting, raised his voice, took credit for LeCesne's accomplishments, and verbally wore down LeCesne.  Thereafter, LeCesne contacted Human Resources and reported the retaliation, and again requested an alternate manager; however, WGU did not assign LeCesne an alternate manager.

27. On or about May 4, 2023, during a 'Mid-Year Review' (in which Battles, Gonzales, and Glazebrook were in attendance), LeCesne experienced retaliation from Glazebrook. Glazebrook was combative, contentious, antagonistic, maligning, discrediting, raised his voice, took credit for LeCesne's accomplishments, and verbally wore down LeCesne. Battles ended the May 4, 2023 meeting with LeCesne, stated that the meeting was 'toxic, stressful, and contentios, but not retaliatory', and that Battles was 'removing the safeguards, and that you [LeCesne] and Michael [Glazebrook] better figure it out'. Thereafter, LeCesne contacted WGU's Senior People & Talent Generalist Bridget Anderson ("Anderson"), expressing LeCesne's fears and concerns that Glazebrook was discriminating and again reported the retaliation, and again requested an alternate manager;  however, LeCesne was not assigned an alternate manager by WGU.

28. On or about May 16, 2023, following the May 4, 2023 retaliation against LeCesne by Glazebrook, WGU (presumably, Battles) removed the 'safeguard' that LeCesne not be required to have weekly meetings with Glazebrook.

29. On or about June or July of 2023, Glazebrook again retaliated against LeCesne by reassigning several of LeCesne's major accounts to other WGU team members and assigned LeCesne accounts which were more challenging, making it more difficult for LeCesne to meet her performance goals.

30. Based upon the acts and omission of WGU, LeCesne was forced to take a leave of absence from WGU and seek medical treatment between July 2023 and October 2023 due to the severe impact on her mental and physical health.  While on medical leave, LeCesne received a national award for her job performance.

31. On or about October 19, 2023, upon LeCesne's return to work at WGU, LeCesne communicated with WGU's Cara Bibbo ("Bibbo") with Human Resources, requesting an alternate manager; however, LeCesne was not assigned to an alternate manager by WGU. WGU's Bibbo subsequently stated that 'after a thorough investigation [of the retaliation claims submitted by LeCesne to WGU's Bridget Anderson in May 2023], we [WGU] agree that Michael [Glazebrook] was disrespectful; however, you will continue to report to Michael [Glazebrook] to give Michael [Glazebrook] the ability to grow as a leader'.

32. Glazebrook again exhibited his bias and discrimination during a two-day retreat in Las Vegas, Nevada in October of 2023, when Glazebrook again inexplicably disrespected LeCesne by repeatedly ignoring LeCesne.

33. On or about November of 2023, an additional 'SPM' was added to the 'North Texas' team. WGU and Glazebrook permitted one or more of the team members to select their own

accounts; however, LeCesne was not permitted an opportunity to provide input or feedback on her account assignments. Rather, Glazebrook again retaliated against LeCesne by reassigning several of LeCesne's major accounts to other WGU team members and assigned LeCesne accounts which were more challenging, making it more difficult for LeCesne to meet her performance goals.

34. The acts and omissions of WGU and its representatives have not only had an adverse imipact upon LeCesne through her employment, but have had a detrimental effect on LeCesne mentally, physically, and psychologically.  Based upon the acts and omission of WGU, LeCesne has sought and received medical treatment from various medical professionals, including physician Dr. Jill Waggoner as well as therapist Dr. Cheryl Ebinbyrd.  LeCesne's symptoms, continue to persist today, and include: Acute pain in the neck, right and left knees, finger joints, wrists, hips, left shoulder, and toes; profound fatigue and relentless exhaustion daily; depression; anxiety and panic attacks, exacerbated when LeCesne is required to meet with WGU's Glazebrook; heart palpitations; sadness, feelings of emptiness, and hopelessness; lack of energy, and feelings of inability to function; feelings of weakness, with inability to support her body; loss of interest in most things; problems concentrating; feeling overwhelmed; inability to rgulat body temperature; headaches; frequent crying; recurring nightmares; difficulty sleeping; difficulty waking up; feelings of social isolation; irritability and anger; and gastrointestinal issues.

35. On or before Novembe 2023, LeCesne's physician, Dr. Jill Waggoner submitted to WGU a recommendation that LeCesne report to an alternate manager to ensure that LeCesne's medical conditions are not exacerbated; however, WGU did not assign LeCesne to an alternate manager.

36. On or before November 2023, LeCesne's therapist, Dr. Cheryl Ebinbyrd submitted to WGU a recommendation that LeCesne report to an alternate manager to ensure that LeCesne's mental and emotional symptoms are not exacerbated; however, WGU did not assign LeCesne to an alternate manager.

37. On or about November 20, 2023, LeCesne submitted a request to WGU's Natalie Peters ("Peters") with Human Resources, for an Americans with Disabilities Act Accommodation ("ADA Accommodation") and attached one or more documents signed by LeCesne's physician(s).

38. Lincoln Financial denied paying LeCesne disability during her FMLA between July 2023 through October 2023.  As a result of Lincoln Financial's denial, LeCesne was forced to return to work at WGU, and was forced to use more than three-hundred (300) hours of vacation and sick time due to now being approved for disability.  In December 2023, LeCesne added a psychiatrist (Dr. Nottage-Murphy) to her medical team to appeal Lincoln Financial's decision.  Dr. Nottage-Murphy prescribed medication for LeCesne's, including for anxiety and panic attacks caused by WGU's acts and omissions.  Following an assessment submitted to Lincoln Financial by Dr. Nottage-Murphy, Lincoln Financial approved the disability going forward; however, LeCesene has not recouped her approximately three-hundred (300) hours of vacation and sick time expended .

39. Regarding LeCesne's denial of promotion opportunities, on or about December 6, 2023, Battles stated to LeCesne '[W]e made a mistake last year by promoting inline.  The process was discriminatory not allowing everyone the opportunity to be considered.  We should have posted the positions internally and externally so everyone interested in the positions would have had an opportunity to complete'.

40. On or about December 11, 2023, LeCesne communicated with WGU's Peters via email, to follow-up on the ADA Accommodation request. LeCesne is yet to receive an acknowledgement or resonse from WGU to LeCesne's requests for ADA Accommodation.

41. On December 22, 2023, BARBARA LECESNE filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC 540-2023-04750 Charge of Discrimination", or "EEOC Charge or Discrimination").

42. On January 3, 3024, in response to the EEOC Charge of Discrimination, the EEOC issued a "Dismissal and Notice of Rights" ("Notice of Right to Sue"), wherein Plaintiff LeCesne hereby files suit.

43. In furtherance of WGU's discrimination, harassment, and retaliation against LeCesne for LeCesne's WGU Complaint as well as for the EEOC Charge of Discrimination, on or about February 28, 2024, LeCesne met with WGU's Senior Regional Manager Strategic Partnerships Michael Glazebrook ("Glazebrook") and WGU's Regional Director Manny Gonzalez ("Gonzalez"). Glazebrook instructed LeCesne to create a 'Gantt chart', which is a management tool utilized to manage a particular project. The Gantt chart was to be provided by LeCesne to Glazebrook in a manner of days. No other WGU team member was asked to produce a Gantt chart. As a Strategic Partnerships Manager, neither project management nor producing a Gantt chart had ever been part of LeCesne's role with WGU. Glazebrook's instruction to produce the Gantt chart exhibited differential and disparate treatment of LeCesne by WGU. In addition, through Glazebrook's instruction to produce the Gantt chart, Glazebrook committed a microaggression against LeCesne which triggered LeCesne, caused LeCesne's anxiety and depression to deepen, and made LeCesne feel unsafe and unprotected.

## VII.   <u>CAUSES OF ACTION</u>

**A) Racial Discrimination in Violation of Title VII (42 U.S.C. § 2000e – 2(a)(1))**

44. Plaintiff LeCesne incorporates the preceding paragraphs as if fully stated herein.

45. Plaintiff LeCesne timely filed a Charge with the EEOC complaining of discrimination (based upon age, race, color, gender, disability, harassment, and hostile work environment) by Defendant WGU, received a Notice of Right to Sue, and has filed this Plaintiff's Original Complaint.

46. Plaintiff LeCesne has alleged facts showing that she: "(1) is a member of a protected group; (2) was qualified for the position at issue; (3) was discharged or suffered some adverse employment action by the employer; and (4) was replaced by someone outside h[er] protected group or was treated less favorably than other similarly situated employees outside the protected group." *McCoy v. City of Shreveport*, 492 F.3d 551, 556 (5th Cir. 2007).

47. Plaintiff LeCesne is a member of a protected class (Black/African-American).

48. Plaintiff LeCesne has worked at WGU for approximately (7) years, and was qualified for the position that she holds with WGU as well as the positions for which she was qualified but never had an opportunity to apply or to attain.

49. Plaintiff LeCesne suffered tangible adverse employment actions in relation to her reporting discrimination and harassment, her filing of a complaint with WGU, and for filing an EEOC Charge.

50. Plaintiff LeCesne has been subjected to discrimination and harassment based upon her age, race (Black/African-American), color, and disability that has been unwelcome, undesirable, or offense to her, and the discrimination and harassment complained of altered

a term, condition, or privilege of her employment creating a hostile work environment for Barbara LeCesne in violation of Tex. Labor Code Ch. 21 § 21.051 and 42 U.S.C. § 2000e(2)(a)(1). Defendant WGU knew or should have known of the discrimination and harassment, but failed to take prompt, remedial action to eliminate it.

51. Plaintiff LeCesne was treated less favorably by WGU than other similarly situated employees outside her protected group. Specifically, other WGU employees of ages younger that LeCesne, of different race and color than LeCesne, of different gender that LeCesne, and not of LeCesne's disability were not treated adversely in the inappropriate, biased, and discriminatory manner that WGU (including Glazebrook and others articulated in this Petition) treated LeCesne, were not singled-out for denial of promotion by WGU, were not threatened and subjected to fear and intimidation to which LeCesne was subjected, and were not denied multiple requests for assignment of an alternate manager. These acts and omissions clearly constitute disparate treatment by WGU, and adverse actions against, African-American female employee Barbara LeCesne, resulting in discrimination, harassment, retaliation, and a perpetuated hostile work environment. Further Barbara LeCesne was treated less favorably by WGU than other similarly situated employees outside her protected group.

52. WGU's acts and omissions have been the proximate cause of Plaintiff LeCesne's injuries and damages. As a result of Defendant WGU's unlawful and improper conduct, Plaintiff LeCesne has suffered and expects to suffer pecuniary losses, including, but not limited to, lost wages and other employment benefits, humiliation, damage to professional and personal reputation, undue stress, anxiety, mental distress and anguish, and other non-pecuniary losses. As such, Plaintiff LeCesne seeks actual and compensary damages.

14

Additionally Plaintiff LeCesne seeks equitable relief necessary to return her to the pecuniary position that she would have held but for Defendant's unlawful and improper conduct.

53. Defendant WGU acted intentionally, with malice and/or reckless indifference to Plaintiff LeCesne's rights.

54. Defendant WGU's discriminatory conduct forced Plaintiff LeCesne to retain the assistance of counsel in order to redress the harms inflicted upon Plaintiff LeCesne.  Consequently, Plaintiff LeCesne seeks reasonable and necessary attorney's fees, expert fees, and court costs under 42 U.S.C. § 2000e-5(k) and Tex. Labor Code § 21. 259.

**B. Sex Discrimination in Violation of Title VII (42 U.S.C. § 2000e -2(a)(1))**

55. Plaintiff LeCesne incorporates the preceding paragraphs as if fully stated herein.

56. Plaintiff LeCesne has alleged facts showing that she: "(1) is a member of a protected group; (2) was qualified for the position at issue; (3) was discharged or suffered some adverse employment action by the employer; and (4) was replaced by someone outside h[er] protected group or was treated less favorably than other similarly situated employees outside the protected group." *McCoy v. City of Shreveport*, 492 F.3d 551, 556 (5th Cir. 2007)

57. Plaintiff LeCesne is a member of a protected class (female).

58. Plaintiff LeCesne has worked at WGU for approximately seven (7) years, and is qualified for the position that she has held with WGU, as well as the positions for which she was qualified but never had an opportunity to apply or to attain.

59. Plaintiff LeCesne suffered tangible adverse employment actions in relation to her reporting harassment and discrimination, and for filing an EEOC Charge. Among other

actions, Plaintiff LeCesne was not promoted or permitted to apply for or attain other employment opportunities within WGU based upon her race, sex, age, and disability, was not provided accommodation or consideration based upon her medical leave and disability, and was subjected to retaliation subsequent to asserting her rights as an employee and filing an EEOC Charge.

60. Plaintiff LeCesne has been subjected to discrimination based upon her sex (female) that has been unwelcome, undesirable or offense to her, and the discrimination complained of altered a term, condition, or privilege of her employment creating a hostile work environment for Barbara LeCesne in violation of Tex. Labor Code Ch. 21 § 21.051 and 42 U.S.C. § 2000e(2)(a)(1). Defendant WGU knew or should have known of the discrimination, but failed to take prompt, remedial action to eliminate it.

61. Plaintiff LeCesne has been treated less favorably by WGU than other similarly situated employees outside her protected group.

62. Defendant WGU's wrongful acts and the conduct of its agents and/or employees acting within the scope and course of their employment have been the proximate cause of Plaintiff LeCesne's injuries and damages.

63. As a result of Defendant WGU's unlawful and improper conduct, Plaintiff LeCesne has suffered and expects to suffer pecuniary losses, including, but not limited to, lost wages and other employment benefits, humiliation, damage to professional and personal reputation, undue stress, anxiety, mental distress and anguish, and other non-pecuniary losses. As such, Plaintiff LeCesne seeks actual and compensary damages. Additionally Plaintiff LeCesne seeks equitable relief necessary to place her in the position that she would have held but for Defendant's unlawful and improper conduct.

64. Defendant WGU acted intentionally, with malice and/or reckless indifference to Plaintiff LeCesne's rights, therefore, Plaintiff LeCesne is entitled to punitive damages.

65. Defendant WGU's discriminatory conduct forced Plaintiff LeCesne to retain the assistance of counsel in order to redress the harms inflicted upon Plaintiff LeCesne. Consequently, Plaintiff LeCesne seeks reasonable and necessary attorney's fees, expert fees, and court costs under 42 U.S.C. § 2000e-5(k) and Tex. Labor Code § 21. 259.

**C. Age Discrimination in Violation of 29 U.S.C. § 621 et seq**

66. Plaintiff LeCesne incorporates the preceding paragraphs as if fully stated herein.

67. Plaintiff LeCesne timely filed a Charge with the EEOC complaining of age discrimination by Defendant WGU, and has received a Notice of Right to Sue.

68. Plaintiff LeCesne has alleged facts showing that she: "(1) is a member of a protected group; (2) was qualified for the position at issue; (3) was discharged or suffered some adverse employment action by the employer; and (4) was replaced by someone outside h[er] protected group or was treated less favorably than other similarly situated employees outside the protected group." *McCoy v. City of Shreveport*, 492 F.3d 551, 556 (5th Cir. 2007).

69. Plaintiff LeCesne is a member of a protected class (over 40 years of age).

70. Plaintiff LeCesne worked at WGU for approximately seven (7) years, and is qualified for the position that she holds with WGU,  as well as the positions for which she was qualified but never had an opportunity to apply or to attain.

71. Plaintiff LeCesne suffered tangible adverse employment actions in relation to her reporting harassment and discrimination, and for filing an EEOC Charge.  Among other actions, Plaintiff LeCesne was denied promotion, and was not permitted to apply for or

attain other employment opportunities within WGU based upon her race, sex, age, and disability, was not provided accommodation or consideration based upon her medical leave and disability, and was subjected to retailiation subsequent to asserting her rights as an employee and filing an EEOC Charge.

72. Plaintiff LeCesne has been subjected to harassment and discrimination based upon her age (over 40 years of age) that has been unwelcome, undesirable, or offense to her, and the harassment and discrimination complained of altered a term, condition, or privilege of her employment creating a hostile work environment for Barbara LeCesne in violation of Tex. Labor Code Ch. 21 § 21.051 and 29 U.S.C. § 621 et seq.  Defendant WGU knew or should have known of the harassment and discrimination, but failed to take prompt, remedial action to eliminate it.

73. Plaintiff LeCesne was treated less favorably by WGU than other similarly situated employees outside her protected group.

74. Defendant WGU's wrongful acts and the conduct of its agents and/or employees acting within the scope and course of their employment have been the proximate cause of Plaintiff LeCesne's injuries and damages.

75. As a result of Defendant WGU's unlawful and improper conduct, Plaintiff LeCesne has suffered and expects to suffer pecuniary losses, including, but not limited to, lost wages and other employment benefits, humiliation, damage to professional and personal reputation, undue stress, anxiety, mental distress and anguish, and other non-pecuniary losses.  As such, Plaintiff LeCesne seeks actual and compensary damages.  Additionally Plaintiff LeCesne seeks equitable relief necessary to place her in the position that she would have held but for Defendant's unlawful and improper conduct.

76. Defendant WGU acted intentionally, with malice and/or reckless indifference to Plaintiff LeCesne's rights, therefore, Plaintiff LeCesne is entitled to punitive damages.

77. Defendant WGU's discriminatory conduct forced Plaintiff LeCesne to retain the assistance of counsel in order to redress the harms inflicted upon Plaintiff LeCesne. Consequently, Plaintiff LeCesne seeks reasonable and necessary attorney's fees, expert fees, and court costs under 42 U.S.C. § 2000e-5(k) and Tex. Labor Code § 21.259.

**D.  Disability Discrimination in Violation of 42 U.S.C. §§ 12101-12213**

78. Plaintiff LeCesne incorporates the preceding paragraphs as if fully stated herein.

79. Plaintiff LeCesne has alleged facts showing that she: "(1) is a member of a protected group; (2) was qualified for the position at issue; (3) was discharged or suffered some adverse employment action by the employer; and (4) was replaced by someone outside h[er] protected group or was treated less favorably than other similarly situated employees outside the protected group." *McCoy v. City of Shreveport*, 492 F.3d 551, 556 (5th Cir. 2007). *See also Bauer v. Albemarle Corp.*, 169 F.3d 962, 966 (5th Cir. 1999).

80. Plaintiff LeCesne is a member of a protected class (disabled).

81. Plaintiff LeCesne has worked at WGU for approximately seven (7) years, and is qualified for the position that she holds with WGU, as well as the positions for which she was qualified but never had an opportunity to apply or to attain.

82. Plaintiff LeCesne suffered tangible adverse employment actions in relation to her reporting harassment and discrimination, and for filing an EEOC Charge. Among other actions, Plaintiff LeCesne was not promoted, and was not permitted to apply for or attain other employment opportunities within WGU based upon her race, sex, age, and disability, was not provided accommodation or consideration based upon her medical

leave and disability, and was subjected to retaliation subsequent to asserting her rights as an employee and filing an EEOC Charge.

83. Plaintiff LeCesne has been subjected to discrimination based upon her disability that has been unwelcome, undesirable or offense to her, and the discrimination complained of altered a term, condition, or privilege of her employment creating a hostile work environment for Barbara LeCesne in violation of Tex. Labor Code Ch. 21 § 21.051 and 42 U.S.C. § 2000e(2)(a)(1). Defendant WGU knew or should have known of the discrimination, but failed to take prompt, remedial action to eliminate it.

84. Plaintiff LeCesne was treated less favorably by WGU than other similarly situated employees outside her protected group.

85. Defendant WGU's wrongful acts and the conduct of its agents and/or employees acting within the scope and course of their employment have been the proximate cause of Plaintiff LeCesne's injuries and damages.

86. As a result of Defendant WGU's unlawful and improper conduct, Plaintiff LeCesne has suffered and expects to suffer pecuniary losses, including, but not limited to, lost wages and other employment benefits, humiliation, damage to professional and personal reputation, undue stress, anxiety, mental distress and anguish, and other non-pecuniary losses. As such, Plaintiff LeCesne seeks actual and compensary damages. Additionally Plaintiff LeCesne seeks equitable relief necessary to return her to the position that she would have held but for Defendant's unlawful and improper conduct.

87. Defendant WGU acted intentionally, with malice and/or reckless indifference to Plaintiff LeCesne's rights, therefore, Plaintiff LeCesne is entitled to punitive damages.

88. Defendant WGU's discriminatory conduct forced Plaintiff LeCesne to retain the assistance of counsel in order to redress the harms inflicted upon Plaintiff LeCesne. Consequently, Plaintiff LeCesne seeks reasonable and necessary attorney's fees, expert fees, and court costs under 42 U.S.C. § 2000e-5(k) and Tex. Labor Code § 21. 259.

**E. Sexual Harassment in Violation of 42 U.S.C. §§ 12101-12213**

89. Plaintiff LeCesne incorporates the preceding paragraphs as if fully stated herein.

90. Plaintiff LeCesne has alleged facts showing that she: "(1) is a member of a protected group; (2) was qualified for the position at issue; (3) was discharged or suffered some adverse employment action by the employer; and (4) was replaced by someone outside h[er] protected group or was treated less favorably than other similarly situated employees outside the protected group." *McCoy v. City of Shreveport*, 492 F.3d 551, 556 (5th Cir. 2007). *See also Bauer v. Albemarle Corp.*, 169 F.3d 962, 966 (5th Cir. 1999).

91. Plaintiff LeCesne is a member of a protected class (disabled).

92. Plaintiff LeCesne has worked at WGU for approximately seven (7) years, and is qualified for the position that she holds with WGU, as well as the positions for which she was qualified but never had an opportunity to apply or to attain.

93. Plaintiff LeCesne suffered tangible adverse employment actions in relation to her reporting harassment and discrimination, and for filing an EEOC Charge. Among other actions, Plaintiff LeCesne was not promoted, and was not permitted to apply for or attain other employment opportunities within WGU based upon her race, sex, age, and disability, was not provided accommodation or consideration based upon her medical leave and disability, and was subjected to retaliation subsequent to asserting her rights as an employee and filing an EEOC Charge.

94. Plaintiff LeCesne has been subjected to sexual harassment by educational corporation and institution WGU based upon her sex and gender, in violation of Title IX of the Education Amendments Act of 1972, 20 U.S.C. §§1681-1688 (2018).

95. Plaintiff LeCesne has been subjected to harassment and discrimination based upon her disability that has been unwelcome, undesirable or offense to her, and the harassment and discrimination complained of altered a term, condition, or privilege of her employment creating a hostile work environment for Barbara LeCesne in violation of Tex. Labor Code Ch. 21 § 21.051 and 42 U.S.C. § 2000e(2)(a)(1). Defendant WGU knew or should have known of the harassment and discrimination, but failed to take prompt, remedial action to eliminate it.

96. Plaintiff LeCesne was treated less favorably by WGU than other similarly situated employees outside her protected group.

97. Defendant WGU's wrongful acts and the conduct of its agents and/or employees acting within the scope and course of their employment have been the proximate cause of Plaintiff LeCesne's injuries and damages.

98. As a result of Defendant WGU's unlawful and improper conduct, Plaintiff LeCesne has suffered and expects to suffer pecuniary losses, including, but not limited to, lost wages and other employment benefits, humiliation, damage to professional and personal reputation, undue stress, anxiety, mental distress and anguish, and other non-pecuniary losses. As such, Plaintiff LeCesne seeks actual and compensatory damages. Additionally Plaintiff LeCesne seeks equitable relief necessary to return her to the position that she would have held but for Defendant's unlawful and improper conduct.

99. Defendant WGU acted intentionally, with malice and/or reckless indifference to Plaintiff LeCesne's rights, therefore, Plaintiff LeCesne is entitled to punitive damages.

100.    Defendant WGU's discriminatory conduct forced Plaintiff LeCesne to retain the assistance of counsel in order to redress the harms inflicted upon Plaintiff LeCesne. Consequently, Plaintiff LeCesne seeks reasonable and necessary attorney's fees, expert fees, and court costs under 42 U.S.C. § 2000e-5(k) and Tex. Labor Code § 21. 259.

## F.  Harassment (42 U.S.C. § 2000e); Hostile Work Environment (42 U.S.C. § 2000e); and, Retaliation in Violation of TCHRA (Tex. Labor Code Ch. 21 § 21.055) and Title VII (42 U.S.C. § 12203 and 42 U.S.C. § 2000e – 3(a))

101.    Plaintiff LeCesne incorporates the preceding paragraphs as if fully stated herein.

102.    Plaintiff LeCesne has alleged facts showing that she: "(1) is a member of a protected group; (2) was qualified for the position at issue; (3) was discharged or suffered some adverse employment action by the employer; and (4) was replaced by someone outside h[er] protected group or was treated less favorably than other similarly situated employees outside the protected group." *McCoy v. City of Shreveport*, 492 F.3d 551, 556 (5th Cir. 2007).  See also *Bauer v. Albemarle Corp.*, 169 F.3d 962, 966 (5th Cir. 1999).

103.    Plaintiff LeCesne is a member of one or more protected classes (race: Black/African-American).

104.    Plaintiff LeCesne has worked at WGU for approximately seven (7) years, and is qualified for the position that she has held with WGU, as well as the positions for which she was qualified but never had an opportunity to apply or to attain.

105.     Plaintiff LeCesne suffered tangible adverse employment actions in relation to her reporting discrimination and harassment, for filing a complaint against WGU, and for filing an EEOC Charge.

106.     Plaintiff LeCesne has been subjected to discrimination, harassment, retaliation, and a hostine work environment based upon her age, race, color, gender, and disability that has been unwelcome, undesirable, or offense to her, and the discrimination, harassment, and retaliation complained of altered a term, condition, or privilege of his employment creating a hostile work environment for Barbara LeCesne in violation of Tex. Labor Code Ch. 21 § 21.051 and 29 U.S.C. § 621 et seq.  Defendant WGU knew or should have known of the discrimination, harassment, and retaliation, but failed to take prompt, remedial action to eliminate it.

107.     Through a variety of acts and omission by WGU resulting in disparate and adverse treatment – including since being disparaged due to her age, race, color, gender, and disability; through being denied one or more promotions; through being derided and belittled by her manager; through having her accounts re-assigned; through having her request for ADA Accommodation ignored; and through being denied the assignment of an alternate manager -  LeCesne has suffered harassment and adverse employment action. Further Barbara LeCesne was treated less favorably by WGU than other similarly situated employees outside her protected group.

108.     Within the context of the disparate treatment to which she was subjected as an African-American female, ignoring documentation from medical professional recommending LeCesne's assignment to an alternate manager was knowing and willful disparate treatment, is harassment, and is retaliation against LeCesne in response to her

pursuing the WGU complaint. Clearly, discrimination, harassment, retaliation against Barbara LeCesne by WGU, resulting in a hostile work environment.

109.     Defendant WGU's wrongful acts and the conduct of its agents and/or employees (including Glazebrook) acting within the scope and course of their employment have been the proximate cause of Plaintiff LeCesne's injuries and damages.

110.     As a result of Defendant WGU's unlawful and improper conduct, Plaintiff LeCesne has suffered and expects to suffer pecuniary losses, including, but not limited to, lost wages and other employment benefits, humiliation, damage to professional and personal reputation, undue stress, anxiety, mental distress and anguish, and other non-pecuniary losses. As such, Plaintiff LeCesne seeks actual and compensary damages. Additionally Plaintiff LeCesne seeks equitable relief necessary to return her to the pecuniary position that she would have held but for Defendant's unlawful and improper conduct.

111.     Defendant WGU acted intentionally, with malice and/or reckless indifference to Plaintiff LeCesne's rights, therefore, Plaintiff LeCesne is entitled to punitive damages.

112.     Defendant WGU's discriminatory conduct forced Plaintiff LeCesne to retain the assistance of counsel in order to redress the harms inflicted upon Plaintiff LeCesne. Consequently, Plaintiff LeCesne seeks reasonable and necessary attorney's fees, expert fees, and court costs under 42 U.S.C. § 2000e-5(k) and Tex. Labor Code § 21.259.

## VIII.  DAMAGES

113.     Plaintiff LeCesne incorporates the preceding paragraphs as if fully stated herein.

114.     Based upon the foregoing facts and law, Defendant WGU, through its acts and omission, discriminated against Plaintiff LeCesne based upon her age, race, color, gender,

and disability, harassed Plaintiff LeCesne, and retaliated against Plaintiff LeCesne, proximately causing Plaintiff LeCesne's injuries and damages. As a result of Defendant WGU's unlawful and improper conduct, Plaintiff LeCesne has suffered and expects to suffer pecuniary losses, including, but not limited to, lost wages and loss of other employment benefits in the amount of at least $500,000, humiliation, damage to professional and personal reputation, undue stress, anxiety, mental distress and anguish, and other non-pecuniary losses. As such, Plaintiff LeCesne seeks actual and compensary damages of at least $5,000,000. Additionally Plaintiff LeCesne seeks equitable relief necessary to place her in the position that she would have held but for Defendant's unlawful conduct.

115.    Defendant WGU's discriminatory conduct forced Plaintiff LeCesne to retain the assistance of counsel in order to redress the harms inflicted upon Plaintiff LeCesne. Consequently, Plaintiff LeCesne seeks reasonable and necessary attorney's fees of at least $50,000, expert fees, and court costs under 42 U.S.C. § 2000e-5(k) and Tex. Labor Code § 21.259.

## IX.    JURY DEMAND

116.    Plaintiff LeCesne respectfully requests a trial by jury in this cause.

## X.    PRAYER

117.    Based upon the foregoing, Plaintiff Barbara LeCesne requests that the Defendant Western Governors University a/k/a WGU Corporation, and Defendant Western Governors University – Texas, Inc., jointly and severally, be cited to appear and answer

herein, and that upon a final hearing of this cause, judgment be entered in favor of Plaintiff LeCesne against Defendants WGU, jointly and severally, awarding her the following: actual damages; back pay; lost wages and other employment benefits; the cost of FMLA paid by LeCesne through vacation and sick time; the value of retirement contributions and vested retirement benefits; equitable relief necessary to place Plaintiff LeCesne in the pecuniary position that she would have held but for Defendant WGU's discrimination, harassment, and retaliation; and if such relief be infeasible, front pay; actual damages; compensatory and/or punitive damages, together with pre-judgment interest (from the date of injury through the date of judgment) and post-judgment interest at the maximum rate allowed by law, attorney's fees, expert fees and costs of court, and such other and further relief to which Plaintiff may be entitled at law or equity.

Dated: April 2, 2024

Respectfully Submitted,

**STAFFORD MOORE, PLLC**

*/s/ Paul K. Stafford*
Paul K. Stafford
State Bar No. 00791716
paul@staffordmoore.law
www.staffordmoore.law
325 N. St. Paul Street, Suite 2210
Dallas, Texas 75201
Telephone (Main):       214-764-1529
Telephone (Direct):     214-764-1531
Facsimile:                    214-580-8104
**ATTORNEYS FOR**
**PLAINTIFF / COMPLAINANT**
**BARBARA A. LECESNE**

### AFFIDAVIT OF BARBARA A. LECESNE

| | |
|---|---|
| **STATE OF TEXAS** | § |
| | § |
| **COUNTY OF TARRANT** | § |

"I, BARBARA A. LECESNE, declare that I am over 21 years of age and fully competent to make this affidavit (the "Affidavit"). The facts set forth herein are true and correct and within my personal knowledge. I have read the foregoing Plaintiff's Original Complaint, and the facts stated in the *Factual Background & Procedural History,* the *Causes of Action,* and the *Damages* sections are within my personal knowledge and are true and correct, unless otherwise qualified therein.

My date of birth is March 3, 1955, and my address is 7005 Echo Lane Ct., Arlington, Texas 76001. I declare under penalty of perjury that the foregoing is true and correct.

In this Affidavit, "Barbara LeCesne" or "LeCesne" refers to me, Barbara A. LeCesne.

I, Barbara A. LeCesne, state under oath as follows:

1. "Barbara LeCesne is an African-American female, born on March 3, 1955. LeCesne has a Masters Degree and has been employed with Western Governors University for approximately seven (7) years, with responsibilities for a major market, and has received outstanding performance reviews thoughout that time. LeCesne is currently a Strategic Partnerships Manager for WGU.

2. LeCesne's manager is WGU's Senior Regional Manager Strategic Partnerships Michael Glazebrook ("Glazebrook"). WGU's Glazebrook was hired by WGU, is an employee of WGU, was trained by WGU, is supervised by WGU, and manages other WGU employees such as LeCesne. WGU's Glazebrook has a history of bias, prejudice, and discrimination against LeCesne.

3. In January 2021, Glazebrook displayed his bias and discrimination against more mature professionals and women, and insulted LeCesne based upon her age and gender, by comparing working with LeCesne to 'working with an older aunt'.

4. In July 2022, as he did in January 2021 against LeCesene, Glazebrook made age and gender biased and discriminatory comments against Kathy Hietala ("Hietala") based upon Hietala's age and gender, stating he 'would not have promoted her if he had known she was 57', stating 'you're too close to retirement'.

5. As a result of WGU's Glazebrook's bias and discrimination, LeCesne was not given the opportunity to apply for the Senior Strategic Partnerships Manager position (which was not posted on WGU's website).  WGU's and Glazebrook's decision was not based upon any communicated selection process, criteria, or qualification standards.  Rather, WGU and Glazebrook promoted less-experienced and younger individuals, despite LeCesne being evaluated as one of WGU's best performers, with Glazebrook claiming simply that LeCesne was 'not ready for promotion'.

6. On or about July 8, 2022, LeCesne was denied a promotion due to her age and race.  WGU and Glazebrook's actions and behavior toward LeCesne were manipulative and abusive.  Glazebrook continued to create a hostile work environment when LeCesne discussed her concerns about the discriminatory promotion process with the Regional Vice President Battles, who was Glazebrook's manager.

7. WGU's and Glazebrook's bias and discrimination (resulting in a hostile work environment) manifested itself in other ways as well, particularly through Glazebrook's interaction with LeCesne.  During a two-day training in Austin in July of 2022, Glazebrook inexplicably disrespected LeCesne by repeatedly ignoring LeCesne; however, Glazebrook later

confronted LeCesne for approximately twenty minutes in a rageful and angry manner (in front of a hotel with team members and hotel guests present) when LeCesne mentioned contacting Battles with questions regarding the promotion process, with Glazebrook stating 'you contacted by boss', and 'you don't think I can understand because I'm a white man'.

8.  In communications with WGU team member Jim Johnson, Glazebrook also expressed his dislike for Abraham Lincoln, his support for the Confederate States of America (the "Confederacy"), and his belief that 'there is going to be a civil war, and I will be fighting on the side of the Confederates', indicating his racist beliefs.

9.  LeCesne felt threatened by Glazebrook's confrontation of her, as well as Glazebrook's discriminatory beliefs, which caused fear in LeCesne as to Glazebrook.

10. Accordingly, on or about October 7, 2022, LeCesne filed a complaint with WGU's Human Resources regarding the discriminating behaviors and actions of Glazebrook towards LeCesne.  LeCesne expressed fear that Glazebrook would retaliate and the LeCesne felt unsafe. Two additional members of the South Region team also filed complaints about Glazebrook in October 2022.

11. After filing a complaint with WGU's Human Resources against Michael Glazebrook, LeCesne on numerous occasions requested to report to an alternate manager. LeCesne requested to report to an alternate manager because of LeCesne's fear or retaliation and feeling unsafe; however, LeCesne's requests were repeatedly ignored or denied by WGU.

12. Specifically, on or about October 20, 2022, LeCesne communicated with WGU's Jamila Pittman ("Pittman") requesting an alternate manager; however, LeCesne's was not assigned an alternate manager by WGU.

3

13. On or about November 22, 2022, LeCesne communicated with WGU's Linda Wendt Senior People & Talent Business Partner ("Wendt") with Human Resources, requesting an alternate manager.  At the conclusion of the WGU investigation, Glazebrook was placed on an 'Improvement Plan' with coaching.  WGU's Wendt subsequently stated that she was 'disappointed in you [LeCesne] that you [LeCesne] are not willing to give him [Glazebrook] another chance', and informed LeCesne that 'WGU does not tolerate any form of retaliation' and that 'if Michael [Glazebrook] retaliates, he will be dismissed'.

14. On or about December 16, 2022, LeCesne communicated with WGU's Regional Director Manny Gonzalez requesting an alternate manager; however, LeCesne was not assigned an alternate manager by WGU.

15. Also on or about December 16, 2022, LeCesne communicated with WGU's Chancellor & Regional Vice President Linda Battles ("Battles"), who informed LeCesne that, due to LeCesne feeling unsafe, LeCesne would implement 'safeguards' and that LeCesne would not be required to have weekly meetings with Glazebrook.  Battles stated to LeCesne that Glazebrook was 'being watched' and that 'if he [Glazebrook] retaliates one time he will be fired'.  Prior to and since December 16, 2022, Glazebook has retaliated against LeCesne on several occasions, but has not been fired by WGU. WGU's Battles subsequently inquired with LeCesne 'how do you think other team members would feel that you are reporting to someone else?' and 'what if instead of meeting with Michael [Glazebrook] you could check in with Kathy Hietala [a WGU team member that was promoted]?'

16. In a further display of Glazebrook's bias and discrimination, during a three-day training and graduation ceremony in New Orleans in March of 2023, Glazebrook again inexplicably disrespected LeCesne by repeatedly ignoring LeCesne.

17. On or about March 16, 2023 (in which Gonzalez and Glazebrook were in attendance), LeCesne experienced retaliation from Glazebrook. Glazebrook was combative, contentious, antagonistic, maligning, discrediting, raised his voice, took credit for LeCesne's accomplishments, and verbally wore down LeCesne. Thereafter, LeCesne contacted Human Resources and reported the retaliation, and again requested an alternate manager; however, WGU did not assign LeCesne an alternate manager.

18. On or about May 4, 2023, during a 'Mid-Year Review' (in which Battles, Gonzales, and Glazebrook were in attendance), LeCesne experienced retaliation from Glazebrook. Glazebrook was combative, contentious, antagonistic, maligning, discrediting, raised his voice, took credit for LeCesne's accomplishments, and verbally wore down LeCesne. Battles ended the May 4, 2023 meeting with LeCesne, stated that the meeting was 'toxic, stressful, and contentios, but not retaliatory', and that Battles was 'removing the safeguards, and that you [LeCesne] and Michael [Glazebrook] better figure it out'. Thereafter, LeCesne contacted WGU's Senior People & Talent Generalist Bridget Anderson ("Anderson"), expressing LeCesne's fears and concerns that Glazebrook was discriminating and again reported the retaliation, and again requested an alternate manager; however, LeCesne was not assigned an alternate manager by WGU.

19. On or about May 16, 2023, following the May 4, 2023 retaliation against LeCesne by Glazebrook, WGU (presumably, Battles) removed the 'safeguard' that LeCesne not be required to have weekly meetings with Glazebrook.

20. On or about June or July of 2023, Glazebrook again retaliated against LeCesne by reassigning several of LeCesne's major accounts to other WGU team members and

assigned LeCesne accounts which were more challenging, making it more difficult for LeCesne to meet her performance goals.

21. Based upon the acts and omission of WGU, LeCesne was forced to take a leave of absence from WGU and seek medical treatment between July 2023 and October 2023 due to the severe impact on her mental and physical health.  While on medical leave, LeCesne received a national award for her job performance.

22. On or about October 19, 2023, upon LeCesne's return to work at WGU, LeCesne communicated with WGU's Cara Bibbo ("Bibbo") with Human Resources, requesting an alternate manager; however, LeCesne was not assigned to an alternate manager by WGU. WGU's Bibbo subsequently stated that 'after a thorough investigation [of the retaliation claims submitted by LeCesne to WGU's Bridget Anderson in May 2023], we [WGU] agree that Michael [Glazebrook] was disrespectful; however, you will continue to report to Michael [Glazebrook] to give Michael [Glazebrook] the ability to grow as a leader'.

23. Glazebrook again exhibited his bias and discrimination during a two-day retreat in Las Vegas, Nevada in October of 2023, when Glazebrook again inexplicably disrespected LeCesne by repeatedly ignoring LeCesne.

24. On or about November of 2023, an additional 'SPM' was added to the 'North Texas' team. WGU and Glazebrook permitted one or more of the team members to select their own accounts; however, LeCesne was not permitted an opportunity to provide input or feedback on her account assignments. Rather, Glazebrook again retaliated against LeCesne by reassigning several of LeCesne's major accounts to other WGU team members and assigned LeCesne accounts which were more challenging, making it more difficult for LeCesne to meet her performance goals.

25. The acts and omissions of WGU and its representatives have not only had an adverse imipact upon LeCesne through her employment, but have had a detrimental effect on LeCesne mentally, physically, and psychologically.  Based upon the acts and omission of WGU, LeCesne has sought and received medical treatment from various medical professionals, including physician Dr. Jill Waggoner as well as therapist Dr. Cheryl Ebinbyrd.  LeCesne's symptoms, continue to persist today, and include: Acute pain in the neck, right and left knees, finger joints, wrists, hips, left shoulder, and toes; profound fatigue and relentless exhaustion daily; depression; anxiety and panic attacks, exacerbated when LeCesne is required to meet with WGU's Glazebrook; heart palpitations; sadness, feelings of emptiness, and hopelessness; lack of energy, and feelings of inability to function; feelings of weakness, with inability to support her body; loss of interest in most things; problems concentrating; feeling overwhelmed; inability to rgulat body temperature; headaches; frequent crying; recurring nightmares; difficulty sleeping; difficulty waking up; feelings of social isolation; irritability and anger; and gastrointestinal issues.

26. On or before Novembe 2023, LeCesne's physician, Dr. Jill Waggoner submitted to WGU a recommendation that LeCesne report to an alternate manager to ensure that LeCesne's medical conditions are not exacerbated; however, WGU did not assign LeCesne to an alternate manager.

27. On or before November 2023, LeCesne's therapist, Dr. Cheryl Ebinbyrd submitted to WGU a recommendation that LeCesne report to an alternate manager to ensure that LeCesne's mental and emotional symptoms are not exacerbated; however, WGU did not assign LeCesne to an alternate manager.

28. On or about November 20, 2023, LeCesne submitted a request to WGU's Natalie Peters ("Peters") with Human Resources, for an Americans with Disabilities Act Accommodation ("ADA Accommodation") and attached one or more documents signed by LeCesne's physician(s).

29. Lincoln Financial denied paying LeCesne disability during her FMLA between July 2023 through October 2023.  As a result of Lincoln Financial's denial, LeCesne was forced to return to work at WGU, and was forced to use more than three-hundred (300) hours of vacation and sick time due to now being approved for disability.  In December 2023, LeCesne added a psychiatrist (Dr. Nottage-Murphy) to her medical team to appeal Lincoln Financial's decision.  Dr. Nottage-Murphy prescribed medication for LeCesne's, including for anxiety and panic attacks caused by WGU's acts and omissions.  Following an assessment submitted to Lincoln Financial by Dr. Nottage-Murphy, Lincoln Financial approved the disability going forward; however, LeCesene has not recouped her approximately three-hundred (300) hours of vacation and sick time expended .

30. Regarding LeCesne's denial of promotion opportunities, on or about December 6, 2023, Battles stated to LeCesne '[W]e made a mistake last year by promoting inline.  The process was discriminatory not allowing everyone the opportunity to be considered.  We should have posted the positions internally and externally so everyone interested in the positions would have had an opportunity to complete'.

31. On or about December 11, 2023, LeCesne communicated with WGU's Peters via email, to follow-up on the ADA Accommodation request.  LeCesne is yet to receive an acknowledgement or resonse from WGU to LeCesne's requests for ADA Accommodation.

32. On December 22, 2023, BARBARA LECESNE filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC 540-2023-04750 Charge of Discrimination", or "EEOC Charge or Discrimination").

33. On January 3, 3024, in response to the EEOC Charge of Discrimination, the EEOC issued a "Dismissal and Notice of Rights" ("Notice of Right to Sue"), wherein Plaintiff LeCesne hereby files suit.

34. In furtherance of WGU's discrimination, harassment, and retaliation against LeCesne for LeCesne's WGU Complaint as well as for the EEOC Charge of Discrimination, on or about February 28, 2024, LeCesne met with WGU's Senior Regional Manager Strategic Partnerships Michael Glazebrook ("Glazebrook") and WGU's Regional Director Manny Gonzalez ("Gonzalez"). Glazebrook instructed LeCesne to create a 'Gantt chart', which is a management tool utilized to manage a particular project. The Gantt chart was to be provided by LeCesne to Glazebrook in a manner of days. No other WGU team member was asked to produce a Gantt chart. As a Strategic Partnerships Manager, neither project management nor producing a Gantt chart had ever been part of LeCesne's role with WGU. Glazebrook's instruction to produce the Gantt chart exhibited differential and disparate treatment of LeCesne by WGU. In addition, through Glazebrook's instruction to produce the Gantt chart, Glazebrook committed a microaggression against LeCesne which triggered LeCesne, caused LeCesne's anxiety and depression to deepen, and made LeCesne feel unsafe and unprotected.

35. Based upon the foregoing facts and law, Defendant WGU, through its acts and omission, discriminated against Plaintiff LeCesne based upon her age, race, color, gender, and disability, harassed Plaintiff LeCesne, and retaliated against Plaintiff LeCesne, proximately

causing Plaintiff LeCesne's injuries and damages.  As a result of Defendant WGU's unlawful and improper conduct, Plaintiff LeCesne has suffered and expects to suffer pecuniary losses, including, but not limited to, lost wages and loss of other employment benefits in the amount of at least $500,000, humiliation, damage to professional and personal reputation, undue stress, anxiety, mental distress and anguish, and other non-pecuniary losses.  As such, Plaintiff LeCesne seeks actual and compensary damages in an amount of at least $5,000,000.  Additionally Plaintiff LeCesne seeks equitable relief necessary to return her to the position that she would have held but for Defendant's unlawful conduct.

36. Defendant WGU's discriminatory conduct forced Plaintiff LeCesne to retain the assistance of counsel in order to redress the harms inflicted upon Plaintiff LeCesne.  Consequently, Plaintiff LeCesne seeks reasonable and necessary attorney's fees of at least $50,000, expert fees, and court costs under 42 U.S.C. § 2000e-5(k) and Tex. Labor Code § 21.259."

FURTHER AFFIANT SAYETH NOT"

_____
BARBARA A. LECESNE

SUBSCRIBED AND SWORN TO BEFORE ME on the 2nd day of April, 2024 to certify which witness my official seal of office.



_____
Notary Public in and for the State of Texas

11